**THE BOSTANY LAW FIRM PLLC**

<u>NEW JERSEY OFFICE</u>

ONE GATEWAY CENTER
NEWARK, NJ 07102

3 WORLD FINANCIAL CENTER

24TH FLOOR

NEW YORK, NEW YORK 10281

TEL: 212-530-4400

FAX: 212-530-4488

<u>FLORIDA OFFICE</u>

1001 BRICKELL BAY DRIVE
MIAMI, FL 33131

January 21, 2021

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY  10007

      **RE:** *GMA Accessories, Inc. v. HMY Jewelry, Inc.*
         Docket No.: 20cv11126(JPC)

Your Honor:

  I represent the plaintiff GMA Accessories, Inc. ("GMA") in this trade dress/copyright infringement case involving fabric designs and packaging of face masks by the defendant HMY Jewelry, Inc. ("HMY"). Defendant and defense counsel were each served with the Amended Complaint on January 7, 2021. Dkt. Entries 11 and 13.

  It is the standard in the industry that packaging is the bane of successful marketing and sales.  Artistic designs of fabric using original prints is also a critical distinguishing characteristic over competition.  GMA invested substantial resources into creating original packaging and artwork for fabric designs.  HMY copied both.  It lifted a replica of GMA's packaging and copyrighted designs to market and sell the exact same product, facemasks.  To make matters worse, HMY is a direct competitor of GMA, selling to some of the same department stores, and having its showroom within blocks of GMA's showroom.

  On December 1, 2020, we asked HMY to cease and desist its conduct and produce evidence of its sales so that we can determine the scope of the infringement.  The December 1, 2020 cease and desist letter (received by HMY on December 2) was ignored. A copy is respectfully annexed as **Exhibit A**. The deadline contained in the letter, December 8, 2020, came and went without any contact from HMY.  Despite the commencement of an action, three weeks ago (and HMY's advices through counsel on January 2 that it was aware of the case), HMY has refused to cooperate in the exchange of basic information which would demonstrate that the *status quo* was preserved and the scope of infringement. HMY has refused to even meet and confer. A copy of a January 6, 2021 letter to counsel is respectfully annexed as **Exhibit B**. In response, a meet and confer was arranged for January 7, 2021.

On the same morning, HMY's counsel cancelled.  HMY was reminded that refusal to cooperate in discovery, including the obligation "to confer as soon as practicable" would not relieve it of discovery but would only increase costs. Fed.R.Civ.P. 26(f)(1) and email annexed as **Exhibit C**. Instead of allowing discovery on the kinds of products that were sold and no longer being sold, or producing any of the basic documents called for on December 1, HMY represented through counsel that "HMY is no longer selling any items of any items bearing any of the designs referenced in Mr. Kim's 12/1 letter".  See email from HMY's attorney dated January 7, 2021 annexed hereto as **Exhibit D**.

One week later, a visit to Ross Stores showed that additional HMY products that were not available there in December, are now available for purchase. HMY is, upon information and belief, continuing to supply infringing merchandise to retailers and is an infringer of the worst kind, as it is sponsoring infringement causing others to sell spurious imitations of products containing GMA's original trade dress and copyrights.

Plaintiff has demonstrated a likelihood of success on the merits in attaching valid copyright certificates to the verified pleading along with copies of original product trade dress to show its ownership of the copyrights and trade dress. The copyrights annexed to the Amended Complaint are annexed hereto as **Exhibit E**.  Pictures of the Defendant's packaging that were annexed as part of Exhibit 2 to the Amended Complaint are annexed hereto as **Exhibit F**.

We come to this Court in advance of seeking a Preliminary Injunction to request that the Court order basic discovery pursuant to Rule 26(d).  The limited discovery requests annexed hereto as **Exhibit G**, serve the dual purpose of determining whether a Preliminary Injunction is necessary to preserve the *status quo*, and the scope of infringement as requested in the December 1, 2020 letter. The seven brief documents requests contained in Exhibit G, typical to infringement cases, are pasted here for the Court's convenience as Fn1.[1]

> The majority of courts in the Second Circuit apply the more flexible "good cause" standard when evaluating motions for expedited discovery. As explained by then-District Judge Lynch:

---

(1) [1] copies of sales orders and invoices concerning the quantity of all orders and sales of products containing the Copyrighted Designs in or on packaging, products or advertising.
(2) copies of sales orders and invoices concerning the quantity of all orders and sales of products containing the Trade Dress in or on packaging, products or advertising.
(3) copies of your orders to and invoices received from your supplier concerning the quantities of products containing the Copyrighted Designs or Trade Dress on products or packaging.
(4) Documents identifying all suppliers and purchasers of products containing the Copyrighted Designs in or on products or packaging.
(5) Documents identifying all suppliers and purchasers of products containing the Copyrighted Designs in or on products or packaging.
(6) Any and all emails, memos, documents, records, or writings of any kind concerning the design, copying, sketching, or drafting, of artwork or images of any kind that are copies of or substantially similar to either the Copyrighted Designs or Trade Dress.
(7) Originals or color copies of all brochures, catalogs or advertisements depicting the merchandise containing either the Trade Dress or Copyrighted Designs.

"These [cases providing for a good cause standard] ... seem to have the better of the argument. As the Rules permit the Court to act by order, but do not elaborate on the basis for taking action, it seems that the intention of the rule-maker was to confide the matter to the Court's discretion, rather than to impose a specific and rather stringent test".

R.R. Donnelley & Sons Co. v. Marino, 2020 WL 7213762, at *11 (W.D.N.Y. Dec. 8, 2020). *See also*, ("courts have applied a more flexible standard of 'reasonableness' and 'good cause'.") Stern v. Cosby, 246 F.R.D. 453, 457 (S.D.N.Y. 2007)(Chin, then D.J.).

    Inasmuch as most of the material was requested almost two months ago, it is respectfully submitted that it would be reasonable to require Defendant to produce it in two weeks.

                                                        Respectfully,

                                                        s/Samantha B. Welborne

It is hereby ORDERED that Defendant shall respond to Plaintiff's letter motion by January 29, 2021, and that Plaintiff shall serve a copy of this Order on Defendant within one business day.

SO ORDERED.

cc: Uri Dallal, Esq. (by email)

Date:   January 22, 2021
           New York, New York

                                                        JOHN P. CRONAN
                                                        United States District Judge