UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GMA ACCESSORIES, INC.,

                              Plaintiff,

- against -

HMY JEWELRY, INC.,

                              Defendant.
----------------------------------------------------------------X

Civil Action No.: 20CV11126(JPC)

**First Set of Interrogatories**

       Plaintiff, by and through its attorneys, The Bostany Law Firm PLLC, hereby demands that Defendant respond to the following interrogatories pursuant to Fed.R.Civ.P. 33:

## **DEFINITIONS**

1. "You and Your": shall mean HMY JEWELRY, INC., and any and all employees, agents, representatives, and any other person or entity acting on its behalf or under its control.

2. The words "document" and "documents" as used herein include, without limitation, contracts, agreements, memoranda of agreements, assignments, licenses, minute books, books of account, orders, invoices, packing slips, statements, bills, checks, check stubs, vouchers, writings, notes, papers, books, notebooks, computation sheets, reports, memoranda, data sheets, photographs, drawings, charts, catalogues, brochures, records, graphs, sketches, publications, computer files, reprints, tables, letters, price lists, bulletins, announcements, analyses or statistical data, communications of any kind, records whether in hard copy or electronic, oral communications, recordings (tape, disc or other) of oral communications, instructions, cables, telegrams, radiograms, telefaxes

and other messages, writings, printed or electronically stored materials of any kind whether or not they are privileged or within Defendant's possession, custody or control.

3. The words "thing" or "things" as used herein include any tangible thing or object other than a document, whether or not it is privileged or within Defendant's possession, custody or control.

4. The words "person" or "persons" as used herein include, without limitation, persons, agents, licensees, associations, partnerships, corporations, joint ventures and any other business entities.

5. The term "identify" as used herein in connection with a "document," "documents," "thing," or "things" means:

    a. Furnish the name and date of the document or thing, the name and address of the person originating the document or thing, the name and address of the person, if any, to whom the document or thing was addressed or delivered, the names and addresses of all persons to whom the copies of the document were sent or have been sent, and the firm or firms with which all such persons were connected at or during the time the document or thing was created; and

    b. State whether Defendant is in possession of the original of the document or thing or a copy thereof, and if Defendant is not in possession of the original or copy, furnish the name and address of the custodian of the original or a copy.

6. The term "identify" as used herein in connection with a "person" or "persons" means state the name of each such person, and the last known address thereof, the telephone number and if an person, by whom and in what capacity employed.

7. The term "communication" refers to any written or electronic message or transmission of any kind including email, sms message, or by social media or other application.

8. "Refer, concerning or relate to" means directly or indirectly comprising, concerning, referring, to, relating to, reflecting, mentioning, evidencing, representing, discussing, describing, pertaining to or connected with a stated subject matter.

9. Wherever used herein, the singular includes the plural and vice versa the words "and" and "or" shall be conjunctive and disjunctive; the words "all" or "any" shall mean "any and all"; the word "including" means "including without limitation."

## INSTRUCTIONS

1. With respect to each document which Defendant contends is privileged or otherwise exempt from discovery, state the basis for the privilege or other grounds for exclusion, the name and address of the author and the addressee, the date, the general subject matter, the name and address of every recipient of the original or any copy of the document, the name and address of each person who has the original or any copy and the identification and location of the file where the original and each copy are normally kept.

2. If Defendant knows of any document requested but cannot produce it, so state, and give the particular reasons for such inability, and identify every person who Defendant believes has possession, custody or control of the document.

3. Where an entire document is requested to be produced, the entire document, along with all attachments, appendices and exhibits, is to be produced.

4. All non-identical copies of documents are to be produced.

5.  Documents should be produced as PDF or jpg format, may be compressed into a zip file but should not be compressed into ".rar" files and should be produced by upload to https://www.hightail.com/u/bozlaw

6.  Multipage documents shall be produced as a single electronic document in the manner in which it is kept.

7.  If any draft, copy, or reproduction of any document responsive to any of the following requests contains revisions or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on said document itself as originally written, typed, or otherwise prepared, each such draft, copy, or reproduction shall be produced.

8.  Copyrighted Designs shall mean the SHARK BOYS and UNICORN FLORAL copyrighted designs attached copyright certificates annexed to Exhibit 1 of the Amended Complaint.

9.  Trade Dress shall mean products with the positioning of color, placement and shading of color, design, layout, font selection, product description, presentation, imaging and wording of instructions shown in Exhibit 2 to the Amended Complaint.

10. Print Design shall mean a design consisting of a pattern, picture, design or art.

11. Revenue shall mean – the total dollar amount of money that You received from sales of goods before deduction of cost of goods or any expenses

12. Profit shall mean – Revenue less Cost of Goods without considering any expenses in Cost of Goods other than the actual dollar amount that You paid Your supplier for the goods.

## **Interrogatories**

1. Identify each person from each entity that you communicated with concerning your supplying or purchasing products that (a) contained the Copyrighted Designs in or on packaging, products or advertising or that (b) contained the Trade Dress in or on packaging, products or advertising.

2. Identify each entity that you marketed, offered to sell or sold any products containing the Trade Dress.

3. Identify each advertising agency, entity or person in Your company that was involved in advertising or promoting products containing the Trade Dress or Copyrighted Designs for You.

4. Identify Your sales person and sales companies for the good containing the (a) Trade Dress and (b) Copyrighted Designs

5. Set forth Your total monthly annual sales volume, in terms of units and sales price, for each year for the (a) Trade Dress and (b) copyrighted designs.

6. Identify all Print Designs other than the Shark Boys and Unicorn Floral that were used on masks that You sold from April 1, 2020 to date indicating which You did not create.

7. Identify all products that You sold or offered for sale that contained the Copyrighted Designs.

8. Set forth the total amount of revenue and profit on (a) Trade Dress sales and (b) Copyrighted Designs sales on an annual and monthly basis from May 1, 2020 to date.

9. Identify all persons who provided information or documents for responses to these Interrogatories.

10. Identify all persons involved in making the decision to use the Trade Dress and/or Copyrighted Designs to sell, market or offer for sale Your goods.

11. Identify all persons that you can that work for or are associated with the entity that supplied products to you that contained the (a) Trade Dress (b) Copyrighted Designs and (c) any Print Designs that You did not create that were used on Your masks or packaging for Your masks.

12. Identify the persons that communicated on Your behalf with Your supplier of the Copyrighted Designs and Trade Dress.

13. Identify the persons that communicated on Your behalf with any purchaser of products containing the Trade Dress or Copyrighted Designs.

14. Identify the persons that communicated with You concerning the purchase of products containing the Trade Dress or Copyrighted Designs.

15. Identify all persons that took any action on Your behalf with respect to the Cease and Desist letter attached as Exhibit 1 to the Amended Complaint.

Dated: January 27, 2021

**THE BOSTANY LAW FIRM PLLC**

By:    s/John P. Bostany
       *Attorneys for Plaintiff*
       3 World Financial Center – 24th Floor
       New York, NY 10281
       (212) 530-4400

DORSEY & WHITNEY LLP
Bruce R. Ewing
51 West 52nd Street
New York, New York 10019
(212) 415-9200

Attorneys for Plaintiff
HMY Jewelry, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GMA ACCESSORIES, INC., | Civil Action No.:  20-cv-11126 (JPC) |
| Plaintiff, | |
| - against - | |
| HMY JEWELRY, INC., | |
| Defendant. | |

## DEFENDANT'S RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant HMY

Jewelry, Inc. ("HMY"), by and through its attorneys, Dorsey & Whitney LLP, hereby responds

to Plaintiff's First Set of Interrogatories (the "Interrogatories") served by GMA Accessories, Inc.

("Plaintiff").  HMY's responses are based on information presently known to it, and HMY

reserves the right to assert additional objections, and to supplement these responses based on

information that arises subsequently.

## GENERAL OBJECTIONS

1.      HMY objects to the Interrogatories, including the definitions and instructions

included therein, to the extent that they seek to impose requirements or obligations on HMY

beyond those of the Federal Rules of Civil Procedure or the Local Civil Rules of the Southern

District of New York. This general objection is incorporated by reference into every individual response set forth below, even if not specifically delineated therein.

2.      HMY objects to paragraphs 2, 4, 5, 6, 7, 8 and 9 of the definitions included in the Interrogatories to the extent they are inconsistent with the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3. HMY will construe all terms referenced in the Interrogatories that are defined in Local Civil Rule 26.3 to have the meanings ascribed to them in such Local Rule.

3.      HMY objects to Instruction No. 1 as imposing burdens on HMY that are greater than what is contemplated by Fed. R. Civ. P. 26. To the extent that any documents within the scope of the Interrogatories are withheld by HMY under a claim of privilege, HMY will supply a log that identifies, if any and if ascertainable, the authors and recipients of such documents, the dates of such documents, a general description of the subject matter of such documents, and the nature of the claimed privilege.

4.      HMY objects to the definitions of "Copyrighted Designs" and "Trade Dress" in Instruction Nos. 8 and 9 of the Interrogatories to the extent they presume that Plaintiff owns any valid copyrights in the referenced designs shown in Exhibit 1 to the Amended Complaint filed in this proceeding, or any protectable trade dress in what is shown in Exhibit 2 to such Amended Complaint.

5.      As set forth more specifically below, HMY objects to the Interrogatories, including the definitions and instructions included therein, to the extent that they seek information protected from discovery by: (a) the attorney-client privilege; (b) the attorney work-product doctrine; or (c) any other applicable privilege recognized under United States law (the

"Applicable Privileges").  This general objection is incorporated by reference into every

individual response set forth below, even if not specifically set forth therein.

6.     To the extent that any information or document protected by the Applicable

Privileges is disclosed by HMY or its counsel, such disclosure is inadvertent and is without

prejudice to, and is not a waiver of, any subsequent assertion of an Applicable Privilege by HMY

as to the information or documents disclosed.

7.     HMY's responses are based on the best information currently available to it.

Discovery in this case is ongoing, and HMY's responses do not and cannot reflect information

that is yet to be discovered. HMY expressly reserves its right to supplement and amend its

responses as discovery progresses.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person from each entity that you communicated with concerning your
supplying or purchasing products that (a) contained the Copyrighted Designs in or on packaging,
products or advertising or that (b) contained the Trade Dress in or on packaging, products or
advertising.

### RESPONSE:

HMY objects to this Interrogatory as vague and ambiguous because the terms "products

that (a) contained the Copyrighted Designs in or on packaging, products or advertising or that

(b) contained the Trade Dress in or on packaging, products or advertising" are unclear.  HMY

further objects to this Interrogatory to the extent it seeks the identification of "each person from

each entity that [HMY] communicated with" concerning goods bearing the allegedly infringing

shark and unicorn mask designs, or contained in allegedly infringing trade dress, that are the

subject of Plaintiff's claims, as overly broad, unduly burdensome and disproportional to the

needs of this case.

Notwithstanding, and without waiving, the foregoing objections, documents that HMY anticipates producing between the week of March 1, 2021 and March 11, 2021 will contain the requested information.  Pursuant to Fed. R. Civ. P. 33(d), HMY refers Plaintiff to such documents, which it will identify by bates number in a supplemental response to this Interrogatory when its production of the aforementioned documents is complete.

**INTERROGATORY NO. 2:**

Identify each entity that you marketed, offered to sell or sold any products containing the Trade Dress.

**RESPONSE:**

HMY objects to this Interrogatory as vague and ambiguous because the term "products containing the Trade Dress" is unclear.  HMY further objects to this Interrogatory to the extent it seeks the identification of "each entity" as overly broad, unduly burdensome and disproportional to the needs of this case.

Notwithstanding, and without waiving, the foregoing objections, documents that HMY anticipates producing between the week of March 1, 2021 and March 11, 2021 will contain the requested information.  Pursuant to Fed. R. Civ. P. 33(d), HMY refers Plaintiff to such documents, which it will identify by bates number in a supplemental response to this Interrogatory when its production of the aforementioned documents is complete.

**INTERROGATORY NO. 3:**

Identify each advertising agency, entity or person in Your company that was involved in advertising or promoting products containing the Trade Dress or Copyrighted Designs for You.

**RESPONSE:**

HMY objects to this Interrogatory to the extent it seeks information concerning individuals at HMY's customers "involved" in the decision to purchase goods bearing the allegedly infringing shark and unicorn mask designs, or contained in allegedly infringing trade

dress, that are the subject of Plaintiff's claims, as HMY does not know the names of "each" such person.

Notwithstanding, and without waiving, the foregoing objection, HMY states that no one other than Henry Hayfaz, Moise Hayfaz and Yosef Zaafarani at HMY were responsible for soliciting and making sales of goods bearing the allegedly infringing shark and unicorn mask designs, or contained in allegedly infringing trade dress, that are the subject of Plaintiff's claims.

**INTERROGATORY NO. 4:**

Identify Your sales person and sales companies for the good [sic] containing the (a) Trade Dress and (b) Copyrighted Designs

**RESPONSE:**

In response to this Interrogatory, HMY states that no one other than Henry Hayfaz, Moise Hayfaz and Yosef Zaafarani at HMY were responsible for soliciting and making sales of goods bearing the allegedly infringing shark and unicorn mask designs, or contained in allegedly infringing trade dress, that are the subject of Plaintiff's claims.

**INTERROGATORY NO. 5:**

Set forth Your total monthly annual sales volume, in terms of units and sales price, for each year for the (a) Trade Dress and (b) copyrighted designs.

**RESPONSE:**

HMY objects to this Interrogatory as beyond the scope of what is authorized under Local Civil Rule 33.3 at this stage of discovery.

**INTERROGATORY NO. 6:**

Identify all Print Designs other than the Shark Boys and Unicorn Floral that were used on masks that You sold from April 1, 2020 to date indicating which You did not create.

**RESPONSE:**

HMY objects to this Interrogatory as beyond the scope of what is authorized under Local

Civil Rule 33.3 at this stage of discovery.

**INTERROGATORY NO. 7:**

Identify all products that You sold or offered for sale that contained the Copyrighted
Designs.

**RESPONSE:**

HMY objects to this Interrogatory as beyond the scope of what is authorized under Local

Civil Rule 33.3 at this stage of discovery.

**INTERROGATORY NO. 8:**

Set forth the total amount of revenue and profit on (a) Trade Dress sales and
(b) Copyrighted Designs sales on an annual and monthly basis from May 1, 2020 to date.

**RESPONSE:**

HMY objects to this Interrogatory as beyond the scope of what is authorized under Local

Civil Rule 33.3 at this stage of discovery.

**INTERROGATORY NO. 9:**

Identify all persons who provided information or documents for responses to these
Interrogatories.

**RESPONSE:**

Moise Hayfaz

**INTERROGATORY NO. 10:**

Identify all persons involved in making the decision to use the Trade Dress and/or
Copyrighted Designs to sell, market or offer for sale Your goods.

**RESPONSE:**

HMY objects to this Interrogatory to the extent it seeks information concerning

individuals at HMY's suppliers "involved" in the decision to sell, market or offer goods bearing

the allegedly infringing shark and unicorn mask designs, or contained in allegedly infringing

trade dress, that are the subject of Plaintiff's claims, as HMY does not know the names of all

such persons.

Notwithstanding, and without waiving, the foregoing objection, HMY states that no one

other than Moise Hayfaz at HMY made the decisions referenced in this Interrogatory.

**INTERROGATORY NO. 11:**

Identify all persons that you can that work for or are associated with the entity that
supplied products to you that contained the (a) Trade Dress (b) Copyrighted Designs and (c) any
Print Designs that You did not create that were used on Your masks or packaging for Your
masks.

**RESPONSE:**

HMY further objects to this Interrogatory to the extent it seeks the identification of "all

persons that you can" as overly broad, unduly burdensome and disproportional to the needs of

this case. HMY also objects to this Request to the extent it seeks information concerning "Print

Designs" that are not the subject of any of Plaintiff's claims in this proceeding as seeking

information that is neither relevant nor proportional to the needs of this case.

Notwithstanding, and without waiving, the foregoing objections, documents that HMY

anticipates producing between the week of March 1, 2021 and March 11, 2021 will contain the

requested information. Pursuant to Fed. R. Civ. P. 33(d), HMY refers Plaintiff to such

documents, which it will identify by bates number in a supplemental response to this

Interrogatory when its production of the aforementioned documents is complete.

**INTERROGATORY NO. 12:**

Identify the persons that communicated on Your behalf with Your supplier of the Copyrighted Designs and Trade Dress.

**RESPONSE:**

Documents that HMY anticipates producing between the week of March 1, 2021 and March 11, 2021 will contain the requested information. Pursuant to Fed. R. Civ. P. 33(d), HMY refers Plaintiff to such documents, which it will identify by bates number in a supplemental response to this Interrogatory when its production of the aforementioned documents is complete.

**INTERROGATORY NO. 13:**

Identify the persons that communicated on Your behalf with any purchaser of products containing the Trade Dress or Copyrighted Designs.

**RESPONSE:**

Documents that HMY anticipates producing between the week of March 1, 2021 and March 11, 2021 will contain the requested information. Pursuant to Fed. R. Civ. P. 33(d), HMY refers Plaintiff to such documents, which it will identify by bates number in a supplemental response to this Interrogatory when its production of the aforementioned documents is complete.

**INTERROGATORY NO. 14:**

Identify the persons that communicated with You concerning the purchase of products containing the Trade Dress or Copyrighted Designs.

**RESPONSE:**

Documents that HMY anticipates producing between the week of March 1, 2021 and March 11, 2021 will contain the requested information. Pursuant to Fed. R. Civ. P. 33(d), HMY refers Plaintiff to such documents, which it will identify by bates number in a supplemental response to this Interrogatory when its production of the aforementioned documents is complete.

**INTERROGATORY NO. 15:**

Identify all persons that took any action on Your behalf with respect to the Cease and Desist letter attached as Exhibit 1 to the Amended Complaint.

**RESPONSE:**

HMY objects to this Interrogatory as vague and ambiguous because "any action on [HMY's] behalf" is unclear in this context. Notwithstanding, and without waiving, the foregoing objections, Moise Hayfaz and counsel took action on HMY's behalf in response to the letter in question.

**AS TO OBJECTIONS:**

Dated:  New York, New York          DORSEY & WHITNEY LLP
        February 26, 2021

By _____
   Bruce R. Ewing
   51 West 52nd Street
   New York, NY 10019
   (212) 415-9200

   Attorneys for Defendant
   HMY Jewelry, Inc.

# VERIFICATION

I declare under penalty of perjury that I am the President of Defendant HMY Jewelry, Inc., and that the foregoing Responses to Interrogatories served by HMY Jewelry, Inc. contain answers that are true and correct based upon my personal knowledge, information supplied to me and documents that I have reviewed.
February 26, 2021

MOISE HAYFAZ